Catlin v Nick & Duke, LLC (2023 NY Slip Op 50652(U))

[*1]

Catlin v Nick & Duke, LLC

2023 NY Slip Op 50652(U)

Decided on July 3, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on July 3, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Brigantti, J.P., Michael, James, JJ.

570094/23

Robin Catlin and Joseph Stevens, Petitioners-Respondents, 
against
Nick & Duke, LLC, Respondent-Appellant.

Respondent Nick & Duke, LLC appeals from an order of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered April 20, 2022, which denied its motion to dismiss the petition, and from an order (same court and Judge), dated May 23, 2022, after a nonjury trial, restoring petitioners to possession of the subject premises in a special proceeding brought pursuant to RPAPL 713(10).

Per Curiam.
Appeal from order (Jean T. Schneider, J.), dated May 23, 2022, deemed an appeal from the final judgment (same court and Judge), entered on or about the same date, and so considered (see CPLR 5520[c]), final judgment affirmed, with $25 costs. Appeal from order (Jean T. Schneider, J.), entered April 20, 2022 dismissed, without costs, as subsumed in the appeal from the final judgment.
Petitioners, the long-term rent stabilized tenants of an SRO unit, Room 319 at 184 11th Avenue in Manhattan, commenced this RPAPL 713(10) proceeding to be restored to possession. It is not disputed that petitioners previously temporarily relocated from Room 319 to apartments on West 53rd Street, pursuant to written agreements with the building's net lessee, in anticipation of a planned gut renovation of the 11th Avenue building into affordable housing. 
Despite petitioners' relocation for several years, the net lessee's planned gut renovation of the 11th Avenue building ultimately did not occur. Before the net lessee surrendered the building back to respondent building owner, the then managing agent returned the keys to Room 319 to petitioners, notified them in writing of their right to return and explicitly informed them that it was "effectively restoring [them] to full possession of [their] original unit." As the trial court found, petitioners then "visited the hotel regularly, entered the building and Room 319 with the keys provided..., took some of their belongings to Room 319, put their names on the mailbox and collected their mail." Due to the poor condition of the premises, however, petitioners commenced an HP proceeding against respondent. When petitioners notified respondent owner of their plan to move back to the apartment, respondent barred petitioners from the building under threat of arrest and/or criminal prosecution. This illegal lockout proceeding ensued.
Giving due deference to the trial court's express findings of fact and credibility, we find no basis to disturb the court's determination that petitioners demonstrated entitlement to be [*2]restored to possession of the underlying rent stabilized unit, since the record establishes that petitioners were at least in "constructive possession" (RPAPL 713[10]) of the unit at the time respondent excluded them from the premises and had not abandoned or surrendered any leasehold or possessory interest they had in the unit (see Banks v 508 Columbus Props., 8 Misc 3d 135[A], 2005 NY Slip Op 51189[U] [App Term, 1st Dept 2005]; Wilson v Raput LLC, 60 Misc 3d 1213[A], 2018 NY Slip Op 51098[U] [Civ Ct, Bronx County 2018]). Thus, petitioners could not be ousted without legal process and were entitled to relief under RPAPL 713(10) (see Parker v Howard Ave. Realty, LLC, 56 Misc 3d 15 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Under the circumstances, petitioners' signing of stabilized renewal leases to their relocation apartments, acts that were expressly required by the terms of the temporary relocation agreements, did not extinguish their tenancy rights in the subject premises (see Rent Stabilization Code [9 NYCRR] § 2520.6[j]). 
We have considered respondent's remaining arguments, including its claim that it did not receive a fair trial, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: July 3, 2023